UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-664-H

**NEW ALBANY TRACTOR, INC.**                                                                                 **PLAINTIFF**

**V.**

**LOUISVILLE TRACTOR, INC. AND**                                     **DEFENDANTS**
**METALCRAFT OF MAYVILLE, INC., d/b/a**
**SCAG POWER EQUIPMENT**

**MEMORANDUM OPINION AND ORDER**

On November 2, 2009, this Court issued a Memorandum Opinion and Order (DN # 36) denying both Defendants' motions for dismissal.[1] On November 16, 2009, Defendant Louisville Tractor, Inc. filed a motion to reconsider that ruling on the basis that the Court misinterpreted an affidavit and pricing sheet submitted by Plaintiff. Defendant Scag Power Equipment ("Scag") has fully joined Louisville Tractor's motion. While Plaintiff agrees that the Court misinterpreted the affidavit and pricing sheet it submitted, Plaintiff contends that denial of Defendants' motions remains appropriate. The Court disagrees.

Plaintiff seeks to recover against Defendants under the Robinson-Patman Act using the indirect purchaser doctrine.[2] In the Sixth Circuit, a Plaintiff may not proceed on such a claim where it is clear that the distributor is not a dummy wholesaler. *Barnosky Oils, Inc. v. Union Oil Co. of California*, 665 F.2d 74, 84 (6th Cir. 1981). Plaintiff must allege facts sufficient to indicate that the manufacturer "set or controlled [the distributor's] resale price." *Id.* The Sixth

---

[1] A full description of the facts and procedural history of the case can be found in that Memorandum Opinion and Order.

[2] The doctrine is fully explained in the November 2, 2009 Memorandum Opinion and Order (DN # 36).

1

Circuit indicated that the indirect purchaser doctrine should not be interpreted to "reach the absurd result of extending the doctrine to cover every resale of goods." *Id.*

In the November 2 Memorandum Opinion and Order, the Court held that Plaintiff's Complaint failed to allege sufficient facts to proceed against Defendants. However, before issuing that opinion the Court held a conference with both parties to determine if Plaintiff could make more detailed allegations. While the Court doubted the ability of Plaintiff to produce sufficient allegations, the Court permitted it to submit affidavit and/or other evidence showing how it would develop sufficient factual allegations to proceed. In response, Plaintiff filed the affidavit of its owner and president along with a pricing sheet. In essence, the affidavit provides that Scag and Louisville Tractor operate in a normal manufacturer-distributor relationship. Plaintiff argues that the affidavit alleges that Scag controls the warranty program for its products, sets suggested retail prices, performs and controls some advertising, and controls sales prices to some non-profit groups.[3] Going beyond the affidavit, the Court interpreted the attached pricing sheet as having been produced by Scag, setting prices at which Louisville Tractor could sell Scag's products to retailers such as New Albany Tractor. Everyone agrees that interpretation was incorrect. Rather, the pricing sheet submitted was produced by Louisville Tractor. Plaintiff seemingly admits that Louisville Tractor sets its own prices and argues only that Scag monitors the prices set by Louisville Tractor and has the ability to exercise some influence when it dislikes the prices charged.

The Court's decision to deny Defendants' motions to dismiss was based on its belief that by providing the pricing sheet, Plaintiff was alleging that Scag actually set or controlled

---

[3] Because Plaintiff is not a non-profit group, this last allegation has no bearing on whether the indirect purchaser doctrine applies here.

Louisville Tractor's prices.  Because that belief was incorrect, there are insufficient factual allegations remaining to support Plaintiff's claim.  As explained in the previous opinion, Plaintiff's allegation that Scag monitors Louisville Tractor's prices is insufficient.  There must be some allegation that Scag "set or controlled [Louisville Tractor's] resale price." *Barnosky*, 665 F.2d at 84.  Simply providing advertising and warranty programs, or giving suggested retail prices cannot be enough to satisfy the indirect purchaser doctrine.  Allowing Plaintiff to proceed under the allegation that Defendants operate in a traditional manufacturer-distributor relationship would, in practicality, lead to the "absurd result of extending the [indirect purchaser] doctrine to cover every resale of goods." *Id.*  That is not and cannot be the effect of the law.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Louisville Tractor's Motion to Reconsider is SUSTAINED.  Plaintiff's claims against all Defendants are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Counsel of Record